

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 18, 1970

Mr. S. N. Snedeker       Opinion No. M-632
Assistant District Attorney
Cameron County       Re: Ad valorem taxation
Brownsville, Texas 78520       of cottonseed in the
      physical possession
      of Valley Co-Op Oil
      Mill, a co-operative
Dear Mr. Snedeker:       marketing association.

You recently requested an opinion of this office as to whether or not cottonseed in the physical possession on January 1st of Valley Co-Op Oil Mill, a non-profit co-operative marketing association, was subject to ad valorem taxation based on the following facts:

The Valley Co-Op Oil Mill is a co-operative marketing association incorporated under the provisions of Chapter 8, Title 93, Articles 5737-5764, Vernon's Civil Statutes.

Only Co-operative Grower Associations incorporated under the same provisions as The Valley Co-Op Oil Mill, supra, are eligible for membership in The Valley Co-Op Oil Mill. There are twenty-two of such organizations which make up the membership of Valley Co-Op Oil Mill. These members are all cotton gins.

Each of the twenty-two member gins have members who are individual cotton farmers. They bring their cotton to the Gin for processing. The Gin separates the seed from the cotton, and because of lack of storage space and other equipment, it hauls it direct to Valley Co-Op Oil Mill for processing into cottonseed oil, linters and hulls. When the Gin receives the cotton from the farmer, it gives him a ticket showing what it owes him less the ginning cost. If this later is proved to be in error, it is adjusted. Likewise, when the Gin delivers the seed to Valley Co-Op Oil Mill, it is given a ticket showing what was received and its value. This is entered as a credit on the books of the Oil Mill, or, if the Gin demands it, the Oil Mill will pay them by check the same or the next day.

-3024-

Valley Co-Op Oil Mill processes all of the seed into cottonseed oil and other by-products and sells them on the competitive market. It handles no cottonseed except that brought in by its twenty two Co-Op Gin members. The charter of Valley Co-Op provides that only Co-Op Grower Associations incorporated under the Cooperative Marketing Act of the State of Texas in operating Gins for the benefit of their members shall be eligible for membership in Valley Co-Op Oil Mill.

Periodically, Valley Co-Op Oil Mill audits its finances and returns any accumulated surplus funds it may have to its twenty-two member Gins, which in turn, do the same thing with their individual farmer members.

Both the Co-Op Gins and Valley Co-Op Oil Mill are non-profit organizations.

The City of Harlingen claims certain ad valorem taxes to be due on cottonseed in the physical possession of Valley Co-Op Oil Mill on January 1st, and the Co-Op has refused to pay the tax claiming it to be exempt under Article VIII, Sec. 19, Constitution of Texas as being "farm products in the hands of the producer."

It is well settled that the term "in the hands of", as used in an exemption statute, is construed more broadly than mere physical possession and includes constructive possession as well; it is the power to demand and receive possession from another, including an agent. Routledge v. Elmendorf, 116 S.W. 156, (Tex. Civ. App. 1909, error ref.), citing "Price v. Society, 64 Conn. 362, 30 Atl. 139, 42 Am. St. Rep. 198; Swan v. Warren, 138 Mass.11; Pruitt v. Armstrong, 56 Ala. 306." See also City of Owensboro v. Dark Tobacco Growers Ass'n, 300 S.W. 350 (Ky. App. 1927). We do not hesitate to follow the consistent ruling of this office to the effect that farm products delivered by a producer to a third party for storage and ultimate sale are still "in the hands of the producer" when the third party acts as agent and a sale has not been made. Attorney Generals' Opinion Nos. 0-5091 (1943), V-193 (1947), and V-511 (1948).

The Marketing Association's "Declaration of Policy" is as follows:

Article 5737 provides as follows:

"In order to promote, foster and

encourage the intelligent and orderly production, cultivation and care of citrus groves and marketing through cooperation and to eliminate speculation and waste; and to make production and distribution of agricultural products as direct as can be effectively done between the producer and consumer; and to stabilize the production and marketing problems of agricultural products, this law is passed."  Acts 1921, p.45; Acts 1943, 48th Leg., p. 601, ch. 346, Section 1.  (Emphasis added.)

Article VIII, Section 19,Constitution of Texas, is as follows:

"Sec. 19.  Farm products in the hands of the producer, and family supplies for home and farm use, are exempt from all taxation until otherwise directed by a two-thirds vote of all the members elect to both Houses of the Legislature.  Added 1st Tuesday in Sept., 1879, Proclamation Oct. 14, 1879."  (Emphasis added.)

The purpose clause of Valley Co-Op Oil Mill is stated to be identical with Article 5740, Vernon's Civil Statutes, which is as follows:

"An Association may be organized to engage in any activity in connection with the production, cultivation and care of citrus groves or the marketing or selling of agricultural products and citrus fruits produced by and marketed for its members, or in the harvesting, preserving, drying, processing, canning, storing, handling, shipping or utilization thereof, or the manufacturing or marketing of the by-products thereof; or in connection with the manufacturing, selling, or supplying to its members of machinery, equipment or supplies; or in the financing of the above enumerated activities; or in any one or more of the activities specified herein.  Provided, however, any such activities may extend to non-members and to the production, cultivation and care of lands owned or cultivated by them and their

products limited by Article 5738 as heretofore amended." (Emphasis added.)

Attorney General's Opinion No. 0-5404 (1943) involved the liability for ad valorem taxes on peanuts, which were held and stored by Co-operative Marketing Organizations, incorporated under Articles 5737, et seq. It was there concluded that the peanuts were to be deemed as still "farm products in the hands of the producer" within the meaning of Article VIII, Section 19, Constitution of Texas, and thus could not be taxed notwithstanding the fact that legal title thereto was in the corporation rather than in the producer. The Opinion quotes at great length from the case of Texas Certified Cottonseed Breeder's Association v. Aldridge, 122 Tex. 464, 61 S.W. 2d 79. The Court held that even though the contracts were couched in language of "sale and delivery" such was not an "absolute sale". The Court said to so hold would destroy it as a Co-Operative Marketing Association. The Court observed that the members had constituted the Association as their agent. In the factual situation now presented, the association, as agent, has turned over the physical possession of the farm products to the Valley Co-Op Oil Mill, as sub-agent. The mere transfer of physical possession from one agent of the producer to another agent would not destroy the exemption. The producers own the gin and have constituted the oil mill their agent; thus, the cottonseed is still in the hands of the producers.

It is the opinion of this office that the instant case concerning Valley Co-Op Oil Mill is controlled by Attorney General's Opinion No. 0-5404, supra, and the Supreme Court case of Texas Certified Cottonseed Breeder's Association v. Aldridge, 122 Tex. 464, 61 S.W. 2d 79 (1933) The cottonseed in the physical possession of Valley Co-Op Oil Mill is therefore held to be exempt from payment of ad valorem tax.

## SUMMARY

Cottonseed in the physical possession of Valley Co-Op Oil Mill, a co-operative marketing association, incorporated under Articles 5737-5764, V.C.S., being "farm products in the hands of the producer" is exempt from

payment of ad valorem taxes under Article VIII, Sec. 19, Constitution of Texas.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Fisher A. Tyler
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
Bill Allen, Acting Co-Chairman
J.W. Broadhurst
Ed Esquivel
Jack Goodman
Robert Flowers

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant